19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Cruz MAREZ, Defendant-Appellant.
 No. 93-10433.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 10, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Cruz Marez appeals his conviction following entry of a conditional guilty plea to possession of a controlled substance with intent to distribute, use of a firearm during a drug trafficking offense, and being a felon in possession of a firearm in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Secs. 924, 922(g)(1). Marez contends the district court erred by denying his motion to suppress evidence seized during a patdown search and a search of his vehicle. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand for further proceedings.
 
 I. BACKGROUND
 
 3
 At about 10:40 p.m. on November 9, 1991, two California Highway Patrol officers stopped to investigate Marez's vehicle, which was parked on the side of Highway 99 near Bakersfield, California. Marez was asleep in the vehicle. Officer Lawson awakened Marez and asked him for identification. Marez stated that he had lost his wallet. Officer Lawson removed Marez from his vehicle and radioed in a request for a "wants and warrants" check.
 
 
 4
 Officer Lawson conducted a patdown search for weapons during which he felt a bulge in Marez's right front pants pocket. Officer Lawson "felt what appear[ed] to be a large quantity of papers," and initially believed the bulge was identification. Officer Lawson asked Marez what the bulge was but got no answer. Officer Lawson reached into the pocket and removed a baggie of marijuana, $88 in cash, and a "pay-owe" sheet. He found more cash in other pockets.
 
 
 5
 Officer Lawson then conducted a search of the passenger compartment of Marez's vehicle and found methamphetamine and a loaded pistol. Officer Lawson next searched the trunk and found more methamphetamine, a scale, another pay-owe sheet, packaging materials, and more ammunition. At some point after Officer Lawson began the search of the vehicle and after Marez was taken into custody, a response to the "wants and warrants" check was received indicating an outstanding warrant for Marez's arrest. Officer Lawson and his partner, Officer Harvey, arrested Marez and had his vehicle stored.
 
 
 6
 Marez asserted that the patdown search, the search of his pocket, and the search of his vehicle were all improper. The district court ruled that the patdown search was justified because Officer Lawson had cause to be concerned for his safety. The district court ruled that the search of Marez's pocket was also justified because of Lawson's concern for his safety and because "the identity of the 'bulge' in defendant's pocket was ambiguous." The district court concluded that the search of the vehicle was properly conducted incident to Marez's arrest, supported by probable cause from the discovery of marijuana during the lawful pocket search. The district court found that the "inevitable discovery" doctrine provided an alternative ground for denial of the suppression motion.
 
 
 7
 We agree that the patdown search was justified, but we reverse the district court's ruling that the search of Marez's pocket and the ensuing vehicle search were proper. We remand for further proceedings regarding inevitable discovery.
 
 II. DISCUSSION
 A. The Patdown Search
 
 8
 We review de novo the denial of a motion to suppress and for clear error the underlying facts found by the district court in the motion to suppress hearing. United States v. Prieto-Villa, 910 F.2d 601, 604 (9th Cir.1990). The standard for justifying a frisk is whether a reasonably prudent person in the circumstances would be warranted in the belief that his or her safety or that of others was in danger. United States v. Thomas, 863 F.2d 622, 628 (9th Cir.1988), citing Terry v. Ohio, 392 U.S. 1, 27 (1968). Here, a limited patdown was justified by virtue of Officer Lawson's reasonable concerns for his safety arising out of his having found Marez in his vehicle at the side of the highway in suspicious circumstances at night, combined with Marez's statement, when asked for identification, that he had lost his wallet.
 
 B. The Search of the Pocket
 
 9
 Officer Lawson's search of Marez's pocket was clearly improper, however, under Minnesota v. Dickerson, 113 S.Ct. 2130, 2138-39 (1993) (suppression required where the officer continued exploration of the defendant's pocket after it was apparent that the pocket contained no weapon).[1] Officer Lawson did not testify that he believed the pocket contained a weapon. He testified, rather, that he felt what appeared to be paper and that he believed the contents to be identification. Under Dickerson, Officer Lawson exceeded the scope of the legitimate weapons patdown and improperly searched Marez's pocket. See id.
 
 C. Inevitable Discovery
 
 10
 Because the search of Marez's vehicle was based on the unlawful discovery of marijuana in Marez's pocket, suppression is necessary unless the government can prove that the evidence would inevitably have been found by other lawful means. Nix v. Williams, 467 U.S. 431, 447-48 (1984). The government has the burden of proving inevitable and lawful discovery by a preponderance of the evidence. United States v. Mancera-Londono, 912 F.2d 373, 375 (9th Cir.1990).
 
 
 11
 The district court ruled that the narcotics and weapon in the vehicle would inevitably have been found in light of the wants and warrants check which revealed that there was an outstanding warrant for Marez's arrest. It is error, however, to validate a search based on a police radio dispatch without an evidentiary inquiry into the reliability of the information dispatched. United States v. Robinson, 536 F.2d 1298, 1299-1300 (9th Cir.1976). Here, neither the government nor Marez presented evidence regarding the reliability of the radioed information as the district court set forth inevitable discovery sua sponte as an alternative ground to deny the motion to suppress. There is, accordingly, no basis in the record for a conclusion that the evidence would inevitably have been found by lawful means. We therefore vacate the district court's order denying on inevitable discovery grounds Marez's motion to suppress and we remand for further proceedings regarding the reliability of the radioed information.
 
 
 12
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Marez's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dickerson was decided June 7, 1993, after the district court's March 26, 1993, denial of Marez's suppression motion